Jimmy Dean **SWEETIN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–1927.

Court of Appeals of Alaska.

Oct. 23, 1987.

Lionel M. Riley, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Jimmy Dean Sweetin was convicted, based upon his pleas of no contest, of two counts of assault in the first degree, AS 11.41.200(a)(3); one count of assault in the third degree, AS 11.41.220(a)(2); and one count of criminal nonsupport, AS 11.51.120. Sentencing Judge S. J. Buckalew, Jr., found two aggravating factors: (1) that the victim was incapable of resistence due to extreme youth, AS 12.55.155(c)(5); and (2) that the victim was a member of the same social unit as the defendant, AS 12.55.155(c)(18). Judge Buckalew imposed a composite sentence of thirty-one years with five years suspended.[1] In addition to other conditions of probation, Judge Buckalew ordered that Sweetin "cannot have a family-type situation in which any children under the age of sixteen are are involved." Sweetin appeals, arguing that the sentence is excessive and that the special condition of probation is unduly restrictive. We affirm.

The charges against Sweetin arose out of three separate assaults which he committed on his daughter, T.S., who was about one year old at the time of the assaults. Sweetin admitted committing the assaults during a two- to three-week period ending on March 6, 1986. The first assault involved burning T.S. with the heating element from an electric frying pan. Sweetin was trying to feed T.S., who would not eat and was crying. Sweetin removed the heating element from the electric skillet and placed it on T.S.'s wrist. T.S. suffered a second- or third-degree burn. The second assault occurred when Sweetin picked T.S. up by her feet and dropped her on her head from a height of about two feet. This assault apparently caused a skull fracture. Although this injury caused a swelling to the head, T.S. never received any medical attention for this injury. The third assault occurred on March 6, 1986, when Sweetin placed T.S. in a full bathtub and forced her under the water three separate times. Apparently, Sweetin held T.S.'s head under water for a period of at least five minutes, resulting in serious brain damage to T.S. As a result of this brain damage it appears

---

1. Judge Buckalew imposed a sentence of fifteen years and a sentence of ten years, respectively, on the two counts of assault in the first degree. He imposed a sentence of one year on the criminal nonsupport charge. He imposed five years, with five years suspended, on the assault in the third degree charge. He ordered the sentences to be served consecutively.

that T.S. will never be able to take care of herself. She is blind and may be deaf. T.S. will probably never become toilet trained, and she will need physical therapy for the rest of her life. T.S. cannot feed herself, but apparently she will eat if she is fed. T.S. will probably be severely mentally retarded.

At the time of this offense Sweetin was twenty-five years old. He has no prior criminal record. Sweetin served in the United States Navy for eight years and was honorably discharged with the rank of E-5. Sweetin's most serious offense, assault in the first degree, is a class A felony. A first-felony offender convicted of a class A felony where there is serious physical injury during the commission of the offense is subject to a seven-year presumptive term. A second-felony offender convicted of a class A felony is subject to a presumptive term of ten years, and a third-felony offender is subject to a presumptive term of fifteen years. The maximum sentence for a person convicted of a class A felony is twenty years. AS 12.55.125(c).

In *Austin v. State*, 627 P.2d 657 (Alaska App. 1981) we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." 627 P.2d at 657–58. Sweetin points out that his aggregate sentence is in excess of the presumptive sentence for a third-felony offender as well as the maximum sentence allowed for assault in the first degree.

Sweetin also points to the case of *Rhodes v. State*, 717 P.2d 422 (Alaska App.1986). In that case, Rhodes was convicted of assault in the first degree for throwing down his six-week old daughter. As a result of this assault, the daughter suffered a skull fracture. In that case the trial judge sentenced Rhodes, a first-felony offender, to fifteen years. We found that the fifteen-year sentence was clearly mistaken, and

concluded that Rhodes should not receive a sentence in excess of ten years. 717 P.2d at 427. Sweetin argues that his sentence should be similar to Rhodes' sentence.

Finally, Sweetin argues that in order to impose consecutive sentences, Judge Buckalew was required to make a finding that confining Sweetin for the aggregate period of the sentence was necessary to protect the public. *See Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982). Sweetin contends that Judge Buckalew did not make this finding.

It is clear from Judge Buckalew's findings and sentencing remarks that he considered Sweetin to be a worst offender based on the nature of these assaults. This conclusion is clearly supported by the record. T.S.'s injuries were not the result of a single impulsive act. Her injuries were the result of several assaults. The most serious assault, which involved holding T.S. under water for several minutes, provided Sweetin with an opportunity to reflect on his actions. We also cannot help but be impressed by the state's argument that this case is analogous to a murder case; Sweetin's actions have effectively robbed T.S. of her life. The seriousness of T.S.'s injuries distinguish this case from *Rhodes*.[2] In addition, Rhodes' actions appear to have been much more impulsive than Sweetin's. These factors also easily qualify this case as an exceptional one under *Austin*. We also believe that Judge Buckalew's reasons for imposing consecutive sentences were sufficient under *Lacquement* as modified by *Jones v. State*, 744 P.2d 410 (Alaska App.1987) (modifying *Lacquement* in light of the expressed legislative preference for consecutive sentences). We conclude that the sentence which Judge Buckalew imposed was not clearly mistaken.

Sweetin next argues that the special condition of probation which provided that he could not live in a family-type situation in which any children under the age of sixteen

2. The seriousness of the assaults and of T.S.'s injuries also are the major factors distinguishing this case from *Pruett v. State*, 742 P.2d 257, (Alaska App.1987) (sentence of 20 years without possibility of parole for assault in the first degree found clearly mistaken; sentence ordered reduced to 15 years with five years suspended).

were involved is unduly restrictive. Sweetin points out that conditions of probation must be "reasonably related to the rehabilitation of the offender and the protection of the public and must not be unduly restrictive of liberty." *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977). He argues that the special condition of probation cannot be justified.

As a practical matter, this condition of probation prevents Sweetin from living with any children under the age of sixteen without gaining approval from the court. The record indicates that there is a substantial risk that Sweetin might abuse other children if he is in a family-type living situation with them. The special condition of probation is somewhat speculative given the length of Sweetin's sentence. It does not appear to be unreasonable, however, in light of Sweetin's offenses and the guarded prognosis in the psychiatric reports. We conclude that the trial court did not abuse its discretion in imposing this special condition of probation.

The sentence is AFFIRMED.