**Richard D. NITZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1830.**

Court of Appeals of Alaska.

Nov. 27, 1987.

Paul E. Malin, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Richard D. Nitz was originally convicted, after a jury trial, of four counts of lewd and lascivious acts toward children, three counts of sexual assault in the first degree, and two counts of sexual abuse of a minor. By an opinion dated June 6, 1986, this court reversed the conviction and remanded for a new trial. *Nitz v. State*, 720 P.2d 55 (Alaska App.1986). Nitz's retrial was eventually set to begin on October 16, 1986. At the outset of proceedings, Nitz moved to dismiss, alleging a violation of his right to a speedy trial under Rule 45 of the Alaska Rules of Criminal Procedure. Superior Court Judge S.J. Buckalew, Jr., denied the motion. Nitz thereafter entered a no contest plea to five counts of lewd and lascivious acts toward children, three counts of sexual assault in the first degree, and two counts of sexual abuse of a minor, preserving his right to appeal the court's speedy trial ruling.

Judge Buckalew sentenced Nitz to concurrent terms totaling thirteen years with five years suspended. The judge ordered Nitz to complete five years' probation; as a condition of probation, he ordered Nitz to refrain from unauthorized contact with girls under eighteen years of age, including Nitz's own daughter, N.N.

Nitz appeals, challenging the denial of his motion to dismiss and attacking the validity of the probation conditions prohibiting his contact with girls. We affirm.

Under Criminal Rule 45, a defendant in a criminal case is generally accorded the right to a trial within 120 days of the commencement of prosecution. Where a case is remanded for a new trial following an appeal, Criminal Rule 45(c)(2) specifically governs the commencement of the 120-day period, providing:

> (c) *When time commences to run.* The time for trial shall begin running, without demand by the defendant, as follows:
>
> . . . .
>
> (2) If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of mistrial, order granting a new trial, or remand.

Under the Alaska Rules of Appellate Procedure, however, a judgment of this court does not take effect until the date specified for return of the appellate record to the trial court. In this regard, Appellate Rule 507(b) provides, in relevant part:

(b) Unless the opinion or order [of the appellate court] expressly states otherwise, the judgment of the appellate court takes effect and full jurisdiction of the case returns to the trial court on the day specified in Rule 512(a) for return of the record....

Appellate Rule 512(a) provides:

(a)(1) Unless the court otherwise orders, the clerk shall return the original record to the clerk of the trial courts on the day specified in this subsection.

(2) In a case decided by the court of appeals, the record shall be returned:

[a] on the day after the time for filing a petition for hearing expires, if no timely petition for hearing is filed....

The controversy in the present case centers on the interplay between Criminal Rule 45(c)(2) and Appellate Rule 507(b). Both parties agree that Nitz's trial began more than 120 days after the issuance of this court's opinion granting a new trial, but within 120 days of the date specified for return of the record to the superior court. Nitz contends, on the one hand, that our opinion, when issued, amounted to "an order for a new trial" under Criminal Rule 45(c)(2); he argues that the issuance of the opinion therefore triggered the 120–day period. The state, on the other hand, points out that under Appellate Rule 507(b), our opinion did not take effect, and jurisdiction over the case did not return to the superior court, until the date specified for return of the record—more than two weeks after issuance of the opinion. The state urges us to hold that the 120–day rule was triggered when our opinion became effective, not when it was initially issued.

In our view, the state advances the more persuasive argument. While we agree with Nitz that Criminal Rule 45(c)(2) unequivocally ties the commencement of the 120–day period to the date of "an order for a new trial ... or remand," under Appellate Rule 507(b) the effective date of an order of this court is established as the date specified for return of the record, not

as the date of issuance. Regardless of its issuance date, our opinion did not become operative and had no force or validity as an order for a new trial until the date specified for return of the record.[1] It was thus the date specified for return, not the issuance date, that governed commencement of the speedy trial period. We hold that the trial court did not err in denying Nitz's motion to dismiss.

■ Nitz separately challenges the conditions of probation restricting him from unauthorized contact with his daughter and with other girls under eighteen years of age. In relevant part, the superior court ordered:

1. No contact with natural daughter, [N.N.], without the prior approval of the Division of Family and Youth Services and the prior written approval of probation officer.

. . . .

3. Defendant shall not live in a home where minor girls under the age of 18 reside or are present.

4. No contact with minor girls under the age of 18 unless a responsible adult is present.

Nitz challenges these conditions as vague and unduly restrictive of his constitutionally protected right to freedom of association.

Given the apparently longstanding and extensive nature of Nitz's problem with sexual abuse of children, and given also the unchallenged information in the sentencing record concerning Nitz's prior sexual abuse of N.N. and other children, the disputed conditions of probation appear to us to be reasonably related to the goal of rehabilitation and are not unduly restrictive. *See Tiedeman v. State,* 576 P.2d 114 (Alaska 1978); *Roman v. State,* 570 P.2d 1235 (Alaska 1977); *Sweetin v. State,* 744 P.2d 424, 427 (Alaska App.1987).

■ Moreover, the terms of the conditions appear to us to be capable of being

---

1. We have no occasion in this opinion to consider whether or to what extent an opinion of this court may have effect as precedent prior to the effective date of the opinion under Appellate Rule 507(b), and we express no opinion on this issue.

readily understood. A common sense reading of the conditions is sufficient to provide Nitz with fair notice of what conduct is prohibited, and there has been no showing of any realistic possibility that the conditions, as currently framed, would encourage arbitrary enforcement. We find no basis for concluding that the conditions are vague or overbroad. *Summers v. Anchorage*, 589 P.2d 863, 868–69 (Alaska 1979); *Oyoghok v. Anchorage*, 641 P.2d 1267, 1269–70 (Alaska App.1982).

The judgment entered by the superior court is AFFIRMED.