The STATE of Ohio, Appellee,

v.

RIGG, Appellant.

[Cite as *State v. Rigg* (1994), 92 Ohio App.3d 113.]

Court of Appeals of Ohio,
Huron County.

No. H–93–18.

Decided Jan. 21, 1994.

**114**

*Russell Leffler,* for appellee.

*Thomas Dusza,* for appellant.

*Per Curiam.*

This matter is before the court on appeal from the Huron County Common Pleas Court, Juvenile Division.

On October 14, 1992, a juvenile court judge placed seventeen-year-old David Wireman under house arrest and in the custody of appellant, thirty-seven-year-old Sharon Rigg. Appellant's son was an acquaintance of Wireman. Within weeks, appellant and Wireman were sexually involved. On December 8, 1992, appellant was charged with contributing to the delinquency of a minor, a violation of R.C. 2919.24 and a misdemeanor in the first degree. She was found guilty in a trial to the court and was sentenced to forty-five days in jail. Appellant now appeals, setting forth the following assignments of error:

"I. The trial court erred in the sentencing of defendant in that the trial court placed a condition of probation on defendant which bore no relation to the crime of which she was convicted and which condition violated her constitutional rights.

"II. The performance of defendant's counsel at trial was ineffective and therefore defendant was denied her Sixth Amendment right to counsel."

In her first assignment of error, appellant contends that the court abused its discretion in setting a condition of her probation. The condition was that appellant "have no association or communication, direct or indirect, with David Wireman or with anyone between the ages of 6 and 17 years, except for immediate family members, for employment purposes, or for participation in activities of a recognized religious organization." On March 13, 1993, David Wireman turned eighteen years old, the age of majority according to the law. R.C. 3109.01. The conditions of appellant's probation were set approximately a week later on March 22, 1993.

A trial court is granted broad discretion in setting the conditions of probation. R.C. 2951.02. However, that discretion is not limitless. *State v. Livingston* (1976), 53 Ohio App.2d 195, 196, 7 O.O.3d 258, 258, 372 N.E.2d 1335, 1336. Conditions should (1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime of which the offender was convicted, and (3) be related to conduct which is criminal or be related to future criminality and serve the statutory ends of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470; *Livingston, supra,* 53 Ohio App.2d at 197, 7 O.O.3d at 259, 372 N.E.2d at 1337.

Appellant contends that the court's condition prohibiting her from associating with Wireman was not reasonably related to her crime in that Wireman is no longer a minor.

In *State v. Jones, supra,* Jones was convicted on multiple counts of contributing to the unruliness or the delinquency of a minor. As a condition of probation, the trial court imposed the condition that Jones "have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family." Jones challenged the condition arguing that it was too broad and violated his right to privacy. The Ohio Supreme Court disagreed, holding that the condition was reasonably related to rehabilitating Jones, was related to the crime of which Jones was convicted, was related to future criminality and served the statutory ends of probation. *Id.,* 49 Ohio St.3d at 54, 550 N.E.2d at 472. In support of its holding, the court cited cases from other states in which offenders were convicted of criminal acts against minors and subsequently restricted, as a condition of their probation, from associating with minors. As in *Jones,* these other courts held the condition to be reasonable. *Id.* at 53–54, 550 N.E.2d at 470–472, citing *Ramaker v. State* (1976), 73 Wis.2d 563, 243 N.W.2d 534; *Nitz v. State* (Alaska App.1987), 745 P.2d 1379; *California v. Mills* (1978), 81 Cal.App.3d 171, 146 Cal.Rptr. 411; *Commonwealth v. Reggie*

(1979), 264 Pa.Super. 427, 399 A.2d 1125; and *Howland v. Florida* (Fla.App.1982), 420 So.2d 918.

■ The case at bar is easily distinguished from the above cases. The state's rehabilitative interest in appellant is to assure that she never again takes advantage of someone who, because of his age and in the eyes of the law, is incapable of making the same decisions as an adult. Wireman is no longer a member of this protected group. Appellant's conduct with Wireman was criminal only because of his age. Because Wireman had reached the age of majority by the time the court has imposed the probation condition at issue, we see no relation between the crime charged and the condition of probation. Finally, this condition does not relate to criminal conduct or future criminality, as there is nothing criminal about an association, sexual or otherwise, between two consenting adults. Accordingly, we conclude that the court abused its discretion in imposing the condition of probation that appellant have no association with David Wireman. Appellant's first assignment of error is found well taken, in part.

In her second assignment of error, appellant contends she was denied effective assistance of counsel.

■ The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, as follows:

"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391 [2 O.O.3d 495, 358 N.E.2d 623]; *Strickland v. Washington* [1984], 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], followed.)

"To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Bradley, supra,* at 142, 538 N.E.2d at 379, quoting *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

■ Appellant contends that her trial counsel was ineffective for failing to file a timely demand for a jury trial pursuant to Crim.R. 23. However, appellant has failed to show there exists a reasonable probability that, but for counsel's error, the result of the trial would have been different. Appellant also contends that her counsel was ineffective for failing to file a motion to suppress, yet

appellant has alleged no facts that would sustain such a motion. Accordingly, appellant's second assignment of error is found not well taken.

On consideration whereof, the March 22, 1993 judgment of the Huron County Common Pleas Court, Juvenile Division is affirmed in part and reversed in part. Appellant is released only from the appealed condition of probation that she "have no association or communication, direct or indirect with David Wireman." The parties are hereby ordered to split the costs of this appeal.

*Judgment accordingly.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.