The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (2001), 146 Ohio App.3d 344.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010199.

Decided Oct. 12, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Derek W. Gustafson,* for appellant.

---

*Per Curiam.*

Defendant-appellant, Michael Robinson, accompanied his sixteen-year-old girl-friend to Indiana, without her parents' permission, and harbored her there for seven days. As a result, Robinson was indicted for interference with custody, in violation of R.C. 2919.23, and the unauthorized use of a vehicle, in violation of R.C. 2913.03, both felonies of the fifth degree. The vehicle he was charged with using without consent was owned by Frank McGraw, the father of Robinson's girlfriend.

On February 23, 2001, Robinson entered a guilty plea to a reduced charge of interference with custody, a misdemeanor of the first degree, and the state

dismissed the unauthorized-use-of-a-vehicle charge. The trial court sentenced Robinson to one hundred and eighty days' imprisonment, but the sentence was suspended, and Robinson was placed on probation for a term of three years. As a condition of probation, the trial court ordered Robinson to stay away from the prosecuting witness, Frank McGraw, and his family, including Robinson's girlfriend.

Robinson appeals, assigning as error the trial court's imposition of the stay-away order as the order relates to his girlfriend. Robinson argues that the trial court abused its discretion by preventing him from having contact with the girl for a period of time extending beyond her eighteenth birthday on April 8, 2002.

A trial court has broad discretion in setting conditions of probation, and its decision will not be reversed on appeal absent an abuse of that discretion.[1] Specifically, R.C. 2951.02(C) provides, in part, that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender. Compliance with the additional requirements * * * also shall be a condition of the offender's probation or other suspension." But the court's discretion in imposing conditions of probation is not unlimited.[2] The conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." [3]

In *State v. Jones*,[4] the Supreme Court of Ohio set forth a test to aid a court in determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior." The court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of probation.[5]

The Sixth Appellate District has applied the *Jones* test to its consideration of a trial court's imposition of a condition of probation.[6] In that case, the defendant

1. See *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470.

2. See *id.* at 53, 550 N.E.2d at 470; *State v. Livingston* (1976), 53 Ohio App.2d 195, 196–197, 7 O.O.3d 258, 372 N.E.2d 1335, 1337.

3. *Id.*, citing *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

4. See *Jones, supra.*

5. See *id.*, citing *United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32–33; *State v. Maynard, supra*, at paragraph two of syllabus; *State v. Livingston, supra; Howland v. Florida* (Fla.App. 1982), 420 So.2d 918, 919; *Rodriguez v. Florida* (Fla.App.1979), 378 So.2d 7; *Nitz v. State* (Alaska App.1987), 745 P.2d 1379.

6. *State v. Rigg* (1994), 92 Ohio App.3d 113, 634 N.E.2d 276.

had been convicted of contributing to the delinquency of a minor, a seventeen-year-old boy. Although the minor had turned eighteen before the defendant's sentencing, the trial court ordered, as a condition of probation, that the defendant have no contact with him. The court of appeals held that the trial court had abused its discretion in imposing the stay-away condition. The court concluded that, because the victim had reached the age of majority, (1) the victim was no longer a member of the class protected by the delinquency-of-a-minor statute, so no rehabilitative interest would have been served; (2) there was no relation between the charged crime and the probation condition; and (3) the condition did not relate to the charged crime or future criminality because association between consenting adults was not criminal.[7]

The interference-with-custody statute, R.C. 2919.23, provides as follows:

"(A) No person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor a person identified in division (A)(1) * * * of this section from the parent, guardian, or custodian of the person identified in division (A)(1) * * *:

"(1) A child under the age of eighteen * * *."

In this case, a stay-away condition clearly bore a relationship to the crime of interference with custody while Robinson's girlfriend remained a minor. But the extension of the stay-away order beyond the girlfriend's eighteenth birthday no longer served any interest in rehabilitating Robinson for interfering with the custody of the girlfriend. Moreover, the extended condition no longer related to Robinson's crime or future criminality because the interference-with-custody statute does not prevent the association of consenting adults.

Accordingly, we hold that the trial court abused its discretion by ordering that Robinson stay away from McGraw's daughter beyond her eighteenth birthday. Therefore, we sustain Robinson's assignment of error, reverse the judgment of the trial court, and remand this case for resentencing in accordance with law and this decision.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., DOAN and WINKLER, JJ., concur.

---

7. *Id.* at 116, 634 N.E.2d at 277.