JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, James F. Loggins, appeals the judgment of the Hamilton County Municipal Court convicting him of public indecency pursuant to R.C. 2907.09. He was convicted of the offense after a bench trial. For the following reasons, we affirm the trial court's judgment.
At trial, Mandy Edgecombe testified that she was studying at a library on the University of Cincinnati campus late at night when she saw a man walk past her and then return to the area where she was seated. She testified that the man flipped through a number of books while looking at her. According to Edgecombe, the man then began repeatedly stroking his obviously erect penis through his trousers. Edgecombe informed a security guard about the incident and described the perpetrator. Police officers who were summoned to the library found Loggins in the area of the offense, and Edgecombe identified him as the offender.
Loggins took the stand in his own defense and denied any involvement in the offense. The trial court found him guilty and sentenced him to a jail term as well as to a period of probation.
In his first assignment of error, Loggins argues that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The public-indecency statute, R.C. 2907.09(A)(3), provides that "[n]o person shall recklessly * * *, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household * * * [e]ngage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
In the case at bar, the conviction was in accordance with the evidence. Edgecombe's testimony indicated that Loggins had rubbed his erect penis repeatedly while standing near her and looking at her. The trial court was therefore presented with ample evidence that Loggins had recklessly engaged in masturbation under circumstances where he would be viewed by and would affront others. Although Loggins emphasizes that there were inconsistencies in the state's evidence, especially in Edgecombe's identification testimony, we cannot say that the trial court lost its way in finding him guilty. The first assignment of error is overruled.
In his second assignment of error, Loggins argues that the court erred in permitting Edgecombe to testify about her selection of Loggins's photograph from a lineup several days after the offense. But because Loggins failed to file a timely motion to suppress the identification, he waived any objection to the allegedly suggestive lineup,[3] and we overrule the assignment.
In his third assignment of error, Loggins contends that the trial court erred in excluding certain impeachment evidence concerning Edgecombe. Specifically, he argues that he should have been permitted to question Edgecombe about an alleged prior statement that she had expected Loggins to ask her for a date on the night of the offense and about her alleged use of an alias. We find no error. At trial, Edgecombe denied making the statement, and we find no error in the trial court's refusal to allow Loggins to make further inquiry. The issue of Edgecombe's alleged alias was not raised at trial and would have been of dubious impeachment value if it had. The third assignment of error is overruled.
In the fourth assignment of error, Loggins argues that his conviction was secured through prosecutorial misconduct. He first argues that the state failed to provide complete discovery material, in that it failed to inform him that Edgecombe had a prior arrest for criminal trespass and that she had failed to appear for a court date. We find no prejudice to have resulted from the alleged omissions. As the state correctly notes, neither the trespass arrest nor the failure to appear would have been admissible under Evid. R. 609, which permits impeachment only by evidence of a conviction for a felony or for a crime involving dishonesty.
Loggins next argues that the prosecuting attorney made improper comments during closing arguments. According to Loggins, the prosecutor embellished or misrepresented facts to secure the conviction. Having examined the trial transcript, we conclude that any embellishment on the part of the prosecutor was within the bounds of proper advocacy, and in the context of a bench trial it could not be deemed to have violated Loggins's right to a fair trial.[4] The fourth assignment of error is overruled.
In his fifth and final assignment of error, Loggins argues that the trial court erred in requiring, as a condition of probation, that he remain out of all University of Cincinnati libraries. A trial court has broad discretion in imposing terms of probation, and its decision in that regard will not be reversed absent an abuse of discretion.[5] Here, we cannot say that the trial court's decision constituted an abuse of discretion. At sentencing, the state presented evidence that Loggins had previously been arrested or convicted for public indecency and disorderly conduct for a number of incidents occurring at other university libraries. Under these circumstances, the trial court's order that he remain out of the University of Cincinnati libraries during the period of his probation was reasonable. The fifth assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] State v. Campbell (1994), 69 Ohio St.3d 38, 44,1994-Ohio-492, 630 N.E.2d 339.
[4] See, generally, State v. Carusone, 1st Dist. No. C-010681, 2003-Ohio-1018, at ¶ 40, jurisdictional motion overruled, 99 Ohio St.3d 1453, 2003-Ohio-3396, 790 N.E.2d 1217.
[5] State v. Robinson (2001), 146 Ohio App.3d 344, 346,766 N.E.2d 186.