(No. C-880366—Decided August 16, 1989.)

*James R. Kirkland & Associates* and *James R. Kirkland,* for appellant.
*Rendigs, Fry, Kiely & Dennis* and *Lawrence E. Barbiere,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

Plaintiff-appellant Mark Giam-brone and his former wife Taciana have been disputing custody of their son Christian in courts of various jurisdictions, including the Supreme Court of New York and the Common Pleas Court of Greene County, Ohio. On May 5, 1987, the Greene County court granted Taciana's petition to enforce a foreign temporary order of custody previously granted to her in the New York proceeding. The order was stayed, however, pending the plaintiff's appeal in New York, and custody was awarded to him pending the resolution of his appeal. The terms of the May 5, 1987 order granted visitation rights to Taciana, but provided further that the child was not to be removed from the Greene County court's jurisdiction.

On May 17, 1987, before the New York appeal had been resolved and while the order granting custody to the plaintiff was still in effect, the child was delivered to Taciana for visitation in Yellow Springs, Ohio. After being telephoned by Taciana, defendants-appellees Sandra Berger, Taciana's aunt, and Sulamita Reis, Taciana's grandmother, drove from their Cincinnati home, picked up Taciana and the child, and left for Cincinnati.

On the trip back to Cincinnati, Taciana and the appellees noticed they were being followed, as it turned out, by a detective hired by the appellant. In order to avoid being followed, the party parked at a swim club near their Cincinnati residence and then walked home via the club's rear entrance. Later that day, the third appellee, Sandra's husband William Berger, Jr., drove the car back to the Berger residence.

Having previously arranged a din-

ner party at her home that evening, Sandra was unable to drive Taciana back to Yellow Springs. Instead, she drove Taciana and Christian to the bus depot, where Sandra purchased two tickets for them. Although the bus route included a stop in Columbus, Ohio (apparently from which Taciana and her child could return to Yellow Springs), the ultimate destination of the tickets was New York. Sandra has claimed that the tickets were purchased in such a manner to allow Taciana to decide during the bus ride whether to return home or to go to New York. After calling Sandra from her Columbus stop, Taciana proceeded to New York with Christian, and has retained physical possession of the child.

Mark Giambrone brought suit against the appellees in the Hamilton County Court of Common Pleas, alleging, in his first claim for relief, that "[a]ll three defendants intentionally aided in the violation of the court orders and each jointly violated Ohio Rev. Code § 2919.23." He also alleged their reckless and tortious interference with his custody rights. In his second claim for relief, the appellant claimed that all three appellees, having knowledge of the May 5, 1987 Greene County order, purposely acted to deprive him of custody of his child. The defendants moved for summary judgment pursuant to Civ. R. 56, which was granted by the trial court as to all three appellees. Mark Giambrone now appeals, asserting that the trial court erred in granting summary judgment for the appellees.

To uphold a summary judgment granted under Civ. R. 56, the record must reflect that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. It must also appear from the record that reasonable minds can come to but one conclusion and

that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence contained in the record construed most strongly in his favor. See *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

Under R.C. 2307.50, if a minor is the victim of a child-stealing crime, such as a violation of R.C. 2919.23, and if as a result of that crime his custodial parent is deprived of a possessory interest in the minor, the custodial parent may maintain a civil action against the offender to recover damages for interference with the possessory interest. To maintain such an action, it is not required that the defendant be convicted of or plead guilty to a child-stealing crime, as long as the trier of fact determines that the defendant in fact committed a child-stealing crime involving the minor. R.C. 2307.50(C).

We hold that, in the instant case, the record raises a genuine issue of material fact as to whether Sandra Berger knowingly or recklessly interfered with the appellant's custody of his son, Christian, in violation of R.C. 2919.23. Therefore, summary judgment should not have been granted in her favor by the trial court, and the appellant's assignment of error is sustained to the extent that it relates to Sandra Berger and a cause of action under R.C. 2307.50.

As to the remaining appellees, however, we do not find a genuine issue of material fact to be raised by the record before us. A review of the record discloses no more than the appellant's bare assertions in his pleadings and memoranda that William Berger, Jr., and Sulamita Reis were either aware of the Greene County custody order, or that they intentionally or recklessly aided in the circumvention of that order. Without more, such assertions do not withstand

the uncontroverted statements to the contrary made by the appellees in their depositions. Under Civ. R. 56(E), when a motion for summary judgment is supported by affidavits or depositions, "* * * an adverse party may not rest upon the mere allegations or denials of his pleadings," but must set forth specific facts in his response showing that there is a genuine issue for trial. We therefore overrule the appellant's assignment of error with regard to the remaining appellees.

We also do not find a valid cause of action based on a common-law theory of tortious interference with custody to be raised by the appellant's complaint. The appellant has cited no Ohio authority in support of his claim, nor are we aware of any. The record also fails to reveal a genuine issue of material fact concerning appellant's allegation of intentional infliction of emotional distress. We accordingly overrule the appellant's assignment of error with regard to these theories.

The judgment of the trial court is, therefore, affirmed in part and reversed in part, and this cause is remanded for further proceedings in accordance with law on the claim asserted against Sandra Berger pursuant to R.C. 2307.50.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.