[Cite as *State v. Clark*, 2014-Ohio-3612.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO,<br>CITY OF CINCINNATI, | : | APPEAL NO. C-130672<br>TRIAL NO. 02CRB-5274 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| RYAN CLARK, | | |
| | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed from is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 22, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Bernadette Longano*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Suhre & Assoc., LLC.,* and *Rock Lee*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}  Defendant-appellant Ryan Clark appeals from the judgment of the Hamilton County Municipal Court denying his application to expunge his prior conviction.  Because the record demonstrates that the trial court abused its discretion when it arbitrarily denied Clark's application, we reverse the trial court's judgment and remand the cause for further proceedings.

## *Background Facts*

{¶2}  In February 2002, Clark was convicted of domestic violence, a misdemeanor of the fourth degree, after a plea of no contest.  His sister was the victim.  In July 2012, Clark applied, under R.C. 2953.32, for the expungement of the record of his conviction for employment purposes.  The trial court denied his motion.

{¶3}  The transcript from the expungement hearing provides as follows:

THE COURT:  Mr. Clark is here for an expungement.  Does the State want to be heard?

THE PROSECUTOR:  We don't object as far as his eligibility.

THE COURT:  Okay.  It's an M4 domestic violence [conviction] that he is seeking to dismiss from 2002.

* * *

THE COURT:  * * * I'm not really a big one for dismissing domestic violence."

DEFENSE COUNSEL:  Your Honor, may I approach?

THE COURT:  Sure.

DEFENSE COUNSEL:  Your honor, if I may.  This domestic violence charge.  The alleged victim was Mr. Clark's sister.  * * * [I]t was a

2

phone altercation that he had with his sister * * * nearly 12 years ago when Mr. Clark * * * was 18 years old. He was a much different person at that time. * * * **Judge, I know you loathe to * * * expunge a domestic violence charge**, but * * * there was no actual physical contact that was involved.

* * *

DEFENSE COUNSEL: I have an affidavit from his sister supporting [the motion].

THE COURT: I'm sorry. **I'm not willing to expunge a domestic violence.** It's denied.

DEFENSE COUNSEL: Your honor, if I may. Is there any way that you would ever reconsider?

THE COURT: No. It's the Court's discretion. And in my discretion, I'm not going to do it. Next case.

{¶4} Clark now appeals. In his sole assignment of error, he argues that the trial court abused its discretion when it denied his petition for expungement. We agree. (Emphasis added.)

### *Analysis*

{¶5} Generally, the procedure for the expungement of convictions is set forth in R.C. 2953.32. The statute contemplates the filing of an application to seal by an offender after the passage of a prescribed time period. R.C. 2953.32(A). Only certain offenders are eligible for expungement under R.C. 2953.32, *see* R.C. 2953.31(A), and only certain offenses are subject to expungement. *See* R.C. 2953.36. For example, a conviction for domestic violence cannot be expunged as a matter of law when the offense is a felony or a first-degree misdemeanor. *See* R.C. 2953.36(C).

3

Clark's domestic-violence conviction fell outside of this limitation because it was a fourth-degree misdemeanor.

{¶6}   Upon the filing of an application, the trial court "shall" set a date for a hearing, notify the prosecutor for the case of the hearing, and direct the relevant authorities to make any necessary inquires.  R.C. 2953.32(B).   The court must also ascertain that the applicant is not the subject of current criminal proceedings and that the applicant otherwise meets the statutory prerequisites for expungement such that the applicant is deemed "eligible."  R.C. 2953.32(C)(1)(a) and (b).

{¶7}   If the applicant meets these criteria, the trial court shall order an expungement of the conviction, if the court determines, after considering any objection by the prosecutor, that the applicant has been satisfactorily rehabilitated and "the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records."  R.C. 2953.32(C).  We will not disturb this determination absent an abuse of discretion.   *See State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001); *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350, ¶ 19.

{¶8}   An abuse of discretion " 'implies that the [trial] court's attitude is unreasonable, arbitrary, or unconscionable.' "  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   An arbitrary judicial decision is one "founded on prejudice or preference rather than on reason or fact."  *Black's Law Dictionary* 112 (8th Ed.2004).

{¶9}   In this case, we can only conclude from the record that the trial judge refused to consider the facts of Clark's application, including the affidavit from the

victim, and to perform the weighing required by R.C. 2953.32 in determining whether to expunge the conviction. And, the judge's statement that she was "not willing to expunge a domestic violence," read in the context of the hearing, demonstrates that the judge denied the application based on what appears to be a policy to deny all applications to expunge any domestic-violence conviction. Therefore, the trial court's decision denying Clark's application was arbitrary.

### Conclusion

{¶10} We sustain the assignment of error because the trial court abused its discretion when denying Clark's application for expungement. Accordingly, we reverse the trial court's judgment, and we remand the cause for further proceedings consistent with the law and with this opinion.

Judgment reversed and cause remanded.

DeWine, J. concurs.
Dinkelacker, J., dissents.

Dinkelacker, J., dissenting.

{¶11} Since I cannot find that the trial court's decision was arbitrary, I dissent.

{¶12} The majority has incorrectly determined that the trial court's statement was an unequivocal declaration of its practice regarding expungements. While the statement *can* be read that way, that does not mean that this court *must* read it that way.

{¶13} The majority states that "the judge's statement that she was 'not willing to expunge a domestic violence,' read in the context of the hearing, demonstrates that the judge denied the application based on what appears to be a policy to deny all applications to expunge any domestic-violence conviction." But the

trial court begins the hearing by stating that "I'm not really a big one for dismissing domestic violence." This is not a definitive statement that the trial court judge would NEVER expunge a domestic-violence conviction. Further, after making the statement upon which the majority relies, the trial court concludes the hearing by stating that "in my discretion, I'm not going to do it."

{¶14} In this context, the statement upon which the majority has relied is not the definitive pronouncement that the majority supposes it to be. In the face of this ambiguity, we are called upon to presume that the trial judge conducted herself properly. We should not take that statement and determine conclusively that the trial court has "a policy to deny all applications to expunge any domestic-violence conviction." Without more, this court should assume that the trial court knew its duty and performed it.

{¶15} Further, based on this record, I believe that the trial court performed its legal duty, appropriately considered Clark's expungement request as well as the R.C. 2953.32 factors, and did not abuse its discretion in denying the request. The majority's conclusion that the trial court "refused to consider the facts of Clark's application" is incorrect. The trial court knew everything it needed to know: Clark had been charged with domestic violence against his sister 12 years before, when he was 18 years old, he was a much different person then, there was no physical contact, and his sister supported sealing the record. The trial court had this information and, exercising its discretion, denied the request. Clark has demonstrated no abuse of that discretion, and I would affirm.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.