[Cite as *State v. Hill*, 2016-Ohio-1551.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-485 |
| v. | : | (C.P.C. No. 14EP-831) |
| Tamara M. Hill, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 12, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellant. **Argued:** *Barbara A. Farnbacher*

**On brief:** *Sydow Leis LLC,* and *Anastasia L. Sydow,* for appellee. **Argued:** *Anastasia L. Sydow*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Tamara M. Hill, to seal the record of her prior conviction. The state assigns the following sole assignment of error for our review:

THE TRIAL COURT ERRED WHEN IT SEALED A FELONY CONVICTION, IN CONTRAVENTION OF R.C. 2953.36(F).

{¶ 2} Because the trial court did not abuse its discretion in identifying the victim of defendant's conviction, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On December 11, 2014, defendant filed an application seeking to seal the record of her attempted burglary conviction from case No. 05CR-1419. The state filed an

objection to the defendant's application on January 29, 2015. The state asserted that its "investigation revealed that after the defendant entered the victim's home, the defendant assaulted the 13-year old victim." (State's Objection to Sealing, 1.) The state attached the complaint, the indictment, and the judgment entry of conviction to its objection to support its description of the incident.

{¶ 4}    The trial court held a hearing on the application on April 15, 2015. The state did not present any information at the hearing, opting to "stand on its motion." (Tr. 2.) Defendant addressed the court, and explained that she "wasn't robbing the house. It was a whole different situation." (Tr. 3.) Defendant also stated that, due to "the fact of a felony," she has not "been able to get the kind of job that [she had] been hoping for." (Tr. 3.)

{¶ 5}    The trial court granted defendant's application. The trial court concluded that defendant had established that her interest in having the record of her conviction sealed outweighed the state's interest in having the conviction remain open. The trial court filed the entry sealing the record of defendant's attempted burglary conviction on April 17, 2015.

## II. NO ABUSE OF DISCRETION

{¶ 6}    An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *See State v. Hoyles,* 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 7}    " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' " *Koehler v. State,* 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith,* 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' " *Koehler,* quoting *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). In Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11.

{¶ 8}   Defendant moved to have the record of her conviction sealed under R.C. 2953.32. R.C. 2953.32(A)(1) provides that "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." For a felony conviction, a defendant may apply for sealing "at the expiration of three years after the offender's final discharge." R.C. 2953.31(A)(1). A court may grant expungement only when all statutory requirements for eligibility are met. *State v. Brewer,* 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White,* 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5. "There is no burden upon the state other than to object to an application for expungement where appropriate." *State v. Reed,* 10th Dist. No. 05AP-335, 2005-Ohio-6251, ¶ 13.

{¶ 9}   R.C. 2953.36 enumerates various convictions which "are ineligible for expungement." *State v. Menzia,* 10th Dist. No. 06AP-384, 2006-Ohio-6990, ¶ 7. R.C. 2953.36(F) provides that "[c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony" may not be sealed. The state relies on R.C. 2953.36(F) to contend that, because the victim of defendant's attempted burglary conviction was 13-years-old, defendant's conviction cannot be sealed.

{¶ 10} Whether a defendant is "ineligible because the offense was in circumstances in which there was a minor victim," is a question we review "de novo, as it is a question of law." *State v. Williamson,* 10th Dist. No. 12AP-340, 2012-Ohio-5384, ¶ 11. "However, that question first requires a court to make factual determinations regarding the identity and age of the victim, and we review questions of fact under an abuse of discretion standard." *State v. D.G.,* 10th Dist. No. 14AP-476, 2015-Ohio-846, ¶ 16. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Whether an "applicant for the privilege of expungement meets all of the requisite criteria for eligibility is determined not only by examining the plea ultimately entered, but rather by also reviewing the events that resulted in the original charges." *State v. Simon,* 87 Ohio St.3d 531, 533 (2000). "[W]hen considering whether an applicant is ineligible to have a conviction sealed under R.C. 2953.36 * * *  a trial judge must

examine the entire record." *Id.* at 532. Thus, the age of a victim "may be considered in making a determination under [R.C. 2953.36(F)], even if the age of the victim has been dismissed pursuant to a plea agreement." *State v. Norfolk,* 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 10. *See also State v. Ninness,* 6th Dist. No. OT-11-024, 2013-Ohio-974, ¶ 13 (noting that "it is sufficient under R.C. 2953.36(F) if the court receives information that the core act on which the conviction is based involved as a putative victim a person under 18-years-old").

{¶ 12} In ruling on the application, the court had the documents the state attached to its objection, and defendant's statement at the hearing that she "wasn't robbing the house," to demonstrate the facts of the incident. (Tr. 3.) The complaint alleged that, on February 18, 2005, defendant "by force trespass[ed] in an occupied structure, to wit: did attempt to kick in rear door and then did forcibly push her way into the front door of the one story multi family dwelling." (Complaint, 1.) The complaint alleged that defendant entered the dwelling "with the purpose to inflict physical harm on another, to wit: [words redacted] f/b 13 Y.O.A." (Complaint, 1.) Thus, the complaint indicates that defendant entered the house by kicking in the rear door, and that her purpose upon entering the residence was to cause harm to a 13-year-old. There is no indication that defendant succeeded in that purpose, and there is no indication that the 13-year-old was actually present in the dwelling defendant entered.

{¶ 13} The indictment charged defendant with aggravated burglary in violation of R.C. 2911.11, a felony of the first degree. The indictment alleged that defendant, by force, stealth, or deception, trespassed in an occupied structure, "the property of another to wit: [words redacted] when a person other than [defendant] * * * was present," and that defendant had the "purpose to commit in the structure * * * a criminal offense, the said [defendant] having inflicted or attempted or threatened to inflict physical harm to [words redacted] contrary to the statute." (Indictment, 1-2.) Thus, the indictment appears to identify two potential victims: the property owner or resident, and the individual against whom defendant inflicted or attempted to inflict physical harm when she entered the structure. The indictment does not identify the age of either individual.

{¶ 14} The March 28, 2006 judgment entry notes that defendant entered a guilty plea to the "stipulated lesser included offense of Count One of the Indictment, to wit:

Attempted Burglary," in violation of R.C. 2923.02 and 2911.12, a felony of the fifth degree. R.C. 2923.02 provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). An attempt to commit an offense "is an offense of the next lesser degree than the offense attempted." R.C. 2923.02(E)(1). The lowest degree of burglary is a felony of the fourth degree. An individual commits a fourth-degree felony burglary if, "by force, stealth, or deception," they "trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." R.C. 2911.12(B).[1] Thus, the version of burglary that defendant ultimately pled guilty to contained no element requiring that defendant entered the structure with the purpose to commit a criminal offense therein.

{¶ 15} The court sentenced defendant to two years of community control supervision, and ordered that defendant "stay away from Althea Berry aka Alther Berry." (Judgment Entry, 2.) The state asserts that the sentencing court "included an order for the defendant to 'stay away from' the minor victim." (Appellant's Brief, 1.) However, the judgment entry does not state Berry's age, and neither the complaint nor the indictment identify Berry.

{¶ 16} Thus, based on the record before this court, we are unable to discern if Berry was 13-years-old at the time of the incident, or if she was the adult homeowner or resident. At the hearing on the application, the court noted that defendant "didn't plead to the assault. And I'm pretty sure the 13-year-old didn't own the home that was entered." (Tr. 2.) The court observed that, "[t]he victim may well, the 13-year-old may well have been assaulted. I don't know. But the defendant didn't plead guilty to that." (Tr. 4.) The court stated that defendant pled guilty to "attempted burglary not burglary," and reiterated that the court was "pretty confident" that "the 13-year-old did not own the home that was attempted burglary." (Tr. 4.) The court concluded that the "victim in the matter" was the "person's house, when the attempted burglary took place." (Tr. 2.)

---

[1] This section was contained in R.C. 2911.12(A)(4) when defendant entered her guilty plea. R.C. 2911.12 was amended in 2011, the amendment did not change the section substantively. *See* 2011 Am.Sub.H.B. No. 86.

{¶ 17} In *D.G.,* the trial court granted the defendant's application to seal the record of his pandering obscenity conviction. The defendant was originally charged with illegal use of a minor in nudity oriented material or performance, but he pled guilty to the stipulated lesser included offense of pandering obscenity. The facts underlying the conviction demonstrated that D.G.'s former girlfriend gave D.G. a nude picture of herself which she took when she was under 18-years-old. Years later, when the relationship was over and the former girlfriend was 21 or 22, D.G. drove by the former girlfriend's apartment and threw the picture out of his car window. As such, the trial court concluded that the victim was no longer a minor when defendant published the photograph. We concluded that the trial court had not abused its discretion in determining the identity and age of the victim, as the court had "considered the entire record to determine that the former girlfriend became the victim when [D.G.] threw the photograph out of his car window," when the victim when was no longer a minor. *Id.* at ¶ 16.

{¶ 18} Similarly, here, the trial court did not abuse its discretion by determining that the victim of defendant's conviction was the property owner or resident, and not the 13-year-old. Although the state contends that the trial court simply "relied on the plea bargain and offense of conviction in sealing this conviction," a review of the hearing transcript reveals that the court examined the entire record it had before it, and determined that the record did not clearly demonstrate that defendant ever assaulted a 13-year-old. (Appellant's Brief, 8-9.) Indeed, while the record does not demonstrate whether defendant ever assaulted a minor, it does indicate that defendant entered the home by kicking in the rear door. Thus, the only victim the court could readily identify from the record was the property owner or resident, who could not have been a minor. Although there is no requirement that the victim of a burglary "must own or reside in the burglarized structure," *State v. Mowery*, 1 Ohio St.3d 192, 200 (1982), there is nothing which precludes the victim of a burglary from being the property owner or resident.

{¶ 19} The dissent contends that we have concluded that R.C. 2953.36(F) does not apply in this matter because defendant failed to prove that Berry was the 13-year-old identified in the complaint. However, our holding herein is not premised on Berry's identity. Rather, we have reviewed this matter to determine whether the trial court abused its discretion in ascertaining the identity and the age of the victim. *See D.G.* at

¶ 16. Because the record does not indicate whether the 13-year-old was ever a victim of defendant's conduct, but does clearly demonstrate that defendant forcibly entered the residence, the only identifiable victim from the record was the property owner or resident, who could not have been a minor. The dissent assumes that the second name redacted from the indictment was the 13-year-old identified in the complaint. However, there is nothing in the record to directly support that assumption, and we must review this matter for an abuse of discretion, not de novo. The trial court determined that the property owner or resident was the victim of defendant's actions. The trial court did not abuse its discretion in making that determination.

{¶ 20} The dissent also asserts that both this majority decision and the trial court's decision acknowledge that the 13-year-old was inside the home when the offense occurred. However, neither this decision nor the trial court's decision made such a finding, and moreover there is nothing in the record indicating whether the 13-year-old was present when defendant entered the residence.

{¶ 21} Based on the foregoing, the state's sole assignment of error is overruled. Having overruled the state's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, J., concurs.
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 22} Because I believe that the trial court abused its discretion when it granted appellee's application to seal the record of her prior felony conviction, I would sustain appellant's assignment of error and reverse the judgment of the trial court. Because the majority does not, I respectfully dissent.

{¶ 23} The majority holds that the exclusionary provision of R.C. 2953.36(F) does not apply because appellant failed to prove that the victim subject to the "stay away" order, "Althea Berry aka Alther Berry," is the 13-year-old female identified in the complaint. (Mar. 28, 2006 Judgment Entry, 2.) In my view, this is the wrong analysis. Rather, the question is, after review of the entire record including the information in the

complaint, does the record show that appellee was convicted of an offense under circumstances in which one of the victims was a 13-year-old female.

{¶ 24} "An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. * * * Because expungement proceedings are not adversarial, the Rules of Evidence do not apply. *See* Evid.R. 101(C)(7)." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), citing *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). "[T]he Supreme Court of Ohio has found that whether an applicant for the privilege of expungement meets all of the requisite criteria for eligibility is determined not only by examining the plea ultimately entered, but rather by also reviewing the events that resulted in the original charges." *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 11, citing *Simon* at 533. *See also State v. Williamson*, 10th Dist. No. 12AP-340, 2012-Ohio-5384, ¶ 13-14 (*Simon* requires a court to go behind the judgment entry and examine the entire record to determine whether the applicant is eligible for expungement).

{¶ 25} In *Norfolk*, the defendant was indicted for gross sexual imposition of an eight-year-old girl. He pleaded guilty to attempted gross sexual imposition and the element of the victim's age was dismissed. The defendant subsequently sought to have his conviction expunged. The trial court granted the application, and the state appealed. In reversing the trial court, this court made the following observations about the exception that now appears in R.C. 2953.36(F):

> A review of R.C. 2953.36(D) reveals that the statute simply indicates that an applicant is ineligible for the sealing of his record when the victim is under the age of 18. The statute does not limit a trial court to consideration of only the elements of the offense to which the applicant pled guilty or indicate any other limitations. Thus, a plain reading of the statute suggests that this court conclude that the age of the victim may be considered in making a determination under R.C. 2953.36(D), *even if the age of the victim has been dismissed pursuant to a plea agreement.*

(Emphasis added.) *Id.* at ¶ 10.

{¶ 26} The complaint in this case charged appellee with aggravated burglary in violation of R.C. 2911.11(A)(1). The only victim identified in the complaint is an unnamed

13-year-old female who was allegedly the victim of an assault.[2]  The complaint does not state whether any other person was in the residence when the burglary occurred.

{¶ 27} Because the age of the victim is not an element of the offense of aggravated burglary, the indictment charging appellee with aggravated burglary contained the name of the victims but not the ages.  The indictment identifies two victims: the first is the property owner, whose name is redacted, and the second is the person who appellee "inflicted or attempted or threatened to inflict physical harm to."  (Jan. 29, 2015 Indictment, 1.)  Though the name of the second victim is also redacted, given the information in the complaint, the second victim must be the 13-year-old female identified in the complaint.[3]

{¶ 28} Pursuant to a plea agreement, appellee pleaded guilty to the stipulated lesser-included offense of attempted burglary, in violation of R.C. 2911.12(B).  That offense prohibits "trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present *or likely to be present.*" (Emphasis added.)  R.C. 2911.12(B).  Unlike the offense of aggravated burglary under R.C. 2911.11(A)(1), which requires proof that a person "other than an accomplice of the offender is present," the offense of attempted burglary does not require the presence of a victim in the home, let alone a minor victim.  Consequently, the presence in the home of the 13-year-old female victim was not a finding required to convict appellee of the offense for which she pleaded guilty.

{¶ 29} In holding that appellee is entitled to expungement, the majority relies upon the fact that the stay away order does not specify the age of "Althea Berry aka Alther Berry."[4]  (Mar. 28, 2006 Judgment Entry, 2.)  Even so, the question "whether an applicant for the privilege of expungement meets all of the requisite criteria for eligibility is determined not only by examining the plea ultimately entered, but rather by also reviewing the events that resulted in the original charges."  *Norfolk* at ¶ 11; *Simon* at 533. "The trial court 'should not turn a blind eye' to the existence of a disqualifying factor 'simply because it was dropped in plea bargaining.' "  *Id.*, citing *Simon* at 534.  *See also*

---

[2] Appellee was not charged with assault.
[3] I agree with the conclusion of the majority that the 13-year-old female is not the property owner.
[4] Appellant's memorandum in opposition to the application asserts that "Althea Berry aka Alther Berry" is the minor victim.  (Mar. 28, 2006 Judgment Entry, 2.)

*State v. Ninness*, 6th Dist. No. OT-11-024, 2013-Ohio-974, ¶ 15 ("it is sufficient under R.C. 2953.36(F) if the court receives information that the core act on which the conviction is based involved as a putative victim a person under 18-years-old").

{¶ 30} As previously noted, the indictment identified two victims, the property owner and the person who appellee "inflicted or attempted or threatened to inflict physical harm to." (Jan. 29, 2015 Indictment, 1.) Though the name of the two victims is redacted from the indictment, given the information in the complaint, the second victim must be a 13-year-old female. By focusing on the stay away order, the majority impermissibly limits its review to the plea entered and overlooks other information in the record, specifically the complaint, that one of appellee's victims was a 13-year-old female.

{¶ 31} In my view, the 13-year-old female victim identified by age in the complaint and identified by name in the indictment did not cease to be a victim of appellee's offense simply because her name was later redacted from the indictment, and appellee pleaded to a lesser-included offense that did not require the presence of a victim in the home. When viewed in the proper context, the record shows that appellee's conviction involved a putative victim under 18-years-old. *Norfolk*; *Ninness.*

{¶ 32} Accordingly, I would hold that the trial court abused its discretion in this case when it disregarded information in the record showing that appellee was convicted of an offense "in circumstances in which the victim of the offense was less than sixteen years of age." For that reason, I would sustain the assignment of error and reverse the judgment of the trial court.

_____