[Cite as *N. Olmsted v. J.S.*, 2025-Ohio-1460.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF NORTH OLMSTED, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114355 |
| v. | : | |
| J.S., | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Civil Appeal from the Rocky River Municipal Court
Case Nos. 13 CRB 1973, 13 CRB 2012, 14 CRB 1176, 18
CRB 0709, 18 CRB 0710, 18 CRB 0711, and 20 CRB 1453

---

### *Appearances:*

Michael Gordillo, City of North Olmsted Prosecutor, *for appellee.*

Patituce & Associates, LLC, Erin M. Branham, Megan Patituce, and Catherine R. Meehan, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, J.S., appeals from the July 30, 2024 judgment of the Rocky River Municipal Court denying his application for expungement. After a

thorough review of the facts and pertinent law, we reverse and remand for further proceedings.

{¶ 2} Appellant sought to have his convictions expunged in six cases and the record of a nonconviction expunged in one dismissed case. The cases all arose from disputes appellant had with a neighbor and range from 2013 through 2020. In the first case, 13 CRB 1973, appellant was convicted of one count of criminal mischief, in violation of R.C. 2909.07, a misdemeanor of the third degree. In that case, the conviction was entered after appellant failed to complete the selective intervention program. The second case, 13 CRB 2012, which charged criminal mischief, was dismissed when the first case was resolved.

{¶ 3} In the third case, 14 CRB 1176, appellant was convicted of attempted keeping, maintaining, and feeding wild animals in violation of N. Olmsted Cod.Ord. 505.15(C)(3), a minor misdemeanor. In the fourth, fifth, and sixth cases — 18 CRB 0709, 18 CRB 0710, and 18 CRB 0711, respectively — appellant was convicted of depositing snow, slush, or ice, minor misdemeanors in violation of N. Olmsted Cod.Ord. 521.11(A). In the final case, 20 CRB 1453, appellant was convicted of disorderly conduct, a minor misdemeanor in violation of N. Olmsted Cod.Ord. 509.03(a)(1). Appellant was assessed fines and costs in the cases, and the record demonstrates that he paid them.

{¶ 4} In May 2024, appellant filed an application for expungement of each of the above convictions and the record of the dismissed case. On June 24, 2024, the trial court set a hearing date of July 30, 2024, on the application. On July 23, the

plaintiff-appellee, the City of North Olmsted, filed a written objection to the application. The hearing went forward on July 30. Appellant and his counsel were present, as well as the city's prosecutor, who maintained the city's opposition to granting the application. Specifically, it was the city's position that appellant had not been rehabilitated. Appellant objected to the city's written opposition on the ground that it was untimely filed. The trial court stated on the record its belief that appellant was an eligible offender. *See* tr. 7. The trial court informed the parties that it was going to take the matter under advisement because it was "rare" for the court to get an objection from the prosecutor. *Id.* The probation department also objected. *Id.* at 8-9.

{¶ 5} That same day, July 30, 2024, the trial court issued its judgment denying appellant's application. The judgment states, "[T]he Applicant is not an eligible offender; therefore the court denies the motion to expunge/seal the record of conviction." This appeal ensued with appellant raising the following three assignments of error for our review:

I.    The trial court erred in finding J.S. to be an ineligible offender for the expungement of his records.

II.   The trial court erred in considering the objection of the prosecuting attorney after he failed to timely file an objection as dictated in R.C. 2953.32(C) and R.C. 2953.33(B)(1).

III.  The trial court abused its discretion in denying J.S.'s motion to expunge.

{¶ 6}  Upon review, we find the first assignment of error dispositive of this appeal.

{¶ 7} Generally, we review a trial court's disposition of an application for expungement under an abuse-of-discretion standard. *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). However, whether an applicant is considered an eligible offender under R.C. 2953.32 is an issue of law that we review de novo. *Id.*, citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.), citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶ 8} R.C. 2953.32 permits courts to seal or expunge records following a conviction except as set forth under R.C. 2953.32(A)(1) and 2953.61. Under R.C. 2953.32(C), when an offender files an application to expunge his or her record of conviction, the trial court must set the matter for a hearing to be held between 45 and 90 days after the filing of the application. At the hearing the court shall:

> (a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree.

R.C. 2953.32(D)(1).

{¶ 9} Upon review, none of the offenses prohibited for sealing under R.C. 2953.32(A) are applicable to this case. Further, as to the timing of appellant's application, under R.C. 2953.32(B)(1)(b)(i) and (ii), the appellant could file his application one year after final discharge for a misdemeanor and after six months for a minor misdemeanor. The record before us demonstrates that the newest case, 20 CRB 1453, which resulted in appellant pleading guilty to disorderly conduct, a minor misdemeanor, was disposed of in 2022. All the other cases that resulted in convictions had been disposed of, and appellant's application was filed in accordance with the statutory time limits.

{¶ 10} Similar requirements for expungement of nonconviction records are set forth in R.C. 2953.33(B). The statute provides that the trial court must hold a hearing between 45 and 90 days after an offender files an application and at the hearing consider the following:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer

period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(a)(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) If the person was granted a pardon upon conditions precedent or subsequent for the offense for which the person was convicted, determine whether all of those conditions have been met;

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.33(B)(2)(a)-(e).

{¶ 11} Under R.C. 2953.33(A)(1), a person who is found not guilty of an offense or who was named in a dismissed complaint may apply to the court for an order of expungement in the case at any time after the finding of not guilty or the dismissal of the complaint is entered on the minutes of the court or the journal, whichever entry occurs first. The nonconviction case, 13 CRB 2012, was dismissed in April 2014, and therefore appellant's application to have that nonconviction expunged was within the time requirement.

{¶ 12} In light of the above, the trial court's finding that appellant was an ineligible offender was error. We note that the City did not contend at the trial-court

level that he was an ineligible offender and concedes in this appeal that the trial court's finding was error. As that was the sole basis on which the trial court denied appellant's application, we remand the case to the trial court for consideration of the remaining statutory factors.

{¶ 13} The first assignment of error is sustained; the remaining assignments of error are rendered moot, and we will not consider them. *See* App.R. 12(A)(1)(c).

{¶ 14} Judgment reversed; case remanded for trial court to set a hearing on appellant's application.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR