[Cite as *N. Olmsted v. J.S.*, 2026-Ohio-2324.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF NORTH OLMSTED, :

    Plaintiff-Appellee, :

    v. :

J.S., :

    Defendant-Appellant. :

No. 115732

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2026

---

Civil Appeal from the Rocky River Municipal Court
Case Nos. 13 CRB 1973, 13 CRB 2012, 14 CRB 1176,
18 CRB 0709, 18 CRB 0710, 18 CRB 0711, and
20 CRB 1453

---

### *Appearances:*

Michael J. Gordillo, City of North Olmsted Prosecutor, *for appellee.*

Mishak Law L.L.C. and Catherine R. Meehan, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant J.S. appeals from the August, 29, 2025 judgment of the Rocky River Municipal Court denying his application to expunge his records in seven cases. Upon review, we affirm the trial court's decision.

{¶ 2} In May 2024, appellant filed an application seeking to expunge his record of conviction in six cases and the record of nonconviction in one dismissed case. The seven cases all arose from disputes appellant had with his neighbors and ranged from 2013 through 2020. Five of appellant's convictions were for minor misdemeanors, and one was for criminal mischief, a misdemeanor of the third degree. As previously set forth by this court in a prior appeal:

> In the first case, 13 CRB 1973, appellant was convicted of one count of criminal mischief, in violation of R.C. 2909.07, a misdemeanor of the third degree. In that case, the conviction was entered after appellant failed to complete the selective intervention program. The second case, 13 CRB 2012, which charged criminal mischief, was dismissed when the first case was resolved.
>
> In the third case, 14 CRB 1176, appellant was convicted of attempted keeping, maintaining, and feeding wild animals in violation of N. Olmsted Cod.Ord. 505.15(C)(3), a minor misdemeanor. In the fourth, fifth, and sixth cases — 18 CRB 0709, 18 CRB 0710, and 18 CRB 0711, respectively — appellant was convicted of depositing snow, slush, or ice, minor misdemeanors in violation of N. Olmsted Cod.Ord. 521.11(A). In the final case, 20 CRB 1453, appellant was convicted of disorderly conduct, a minor misdemeanor in violation of N. Olmsted Cod.Ord. 509.03(a)(1). Appellant was assessed fines and costs in the cases, and the record demonstrates that he paid them.

*North Olmsted v. J.S.*, 2025-Ohio-1460, ¶ 12 (8th Dist.).

{¶ 3} The City of North Olmsted opposed the application and asserted that appellant "is clearly not rehabilitated, as evidenced by his record of post-conviction violations, and his continued misbehavior and disturbance of his neighbors" and that the "public has a legitimate interest in maintaining [the] record of convictions, which outweighs the Defendant's interest in having the records sealed [or expunged]." On July 30, 2024, following a hearing, the trial court denied appellant's

application upon finding appellant was an ineligible offender. In the prior appeal, this court found the determination that appellant was an ineligible offender was erroneous, and the case was remanded to the trial court "for consideration of the remaining statutory factors." *Id*. at ¶ 12.

{¶ 4} Upon remand, the trial court conducted a hearing on June 3, 2025. The trial court heard testimony from appellant and one of his neighbors, and several exhibits were admitted. On August 29, 2025, the trial court issued its decision denying appellant's application to expunge his records in the seven cases.

{¶ 5} Consistent with the testimony presented, the trial court indicated the following:

> The applicant testified that he seeks the expungements in order to obtain more lucrative employment and because he lost his wife of 33 years in 2023. He also testified that he was convicted of a felony arising out of an altercation with his neighbor and successfully completed all terms of probation in 2023, including monthly reporting, drug testing and attendance at anger-management classes. As a result of the anger-management classes, the applicant testified that he has learned how to deal with his anger, that life is short and has learned to look the other way. The applicant states that the source of the hostility between his neighbors . . . is their placement of four video and audio cameras directed at his property in 2010. These cameras face towards his property and record 24 hours a day. The [neighbors] also have a separate field camera located in their backyard which records based on motion. The applicant expressed his frustration with the cameras and what he considers an invasion of his privacy. The applicant stated that he does not like his neighbors and otherwise expressed no remorse for his actions or conduct.
>
> . . . the next-door neighbor testified that she and her husband are retired and objects to the expungement because she contends that the applicant's behavior has not changed since 2020. His conduct consists of using profane and vulgar language directed at the cameras and the use of nonverbal communications including the middle finger and

throat slashing gestures. Most recently, [the neighbor] testified that in February of 2025, the applicant was heard on video referring to a North Olmsted police officer in a racist manner and also made derogatory remarks towards the North Olmsted prosecutor and the Judge in his previous felony case. On May 27, 2025, she testified the applicant repeated profanities and vulgarities towards the camera. Finally, on June 1, 2025, two days before the hearing, she testified that the applicant was recorded on video flipping off the camera. She testified that she last spoke to a North Olmsted police officer months ago about the applicant's conduct and behavior, but stated that since the NOPD is weary of this ongoing neighbor conflict, the officer simply gave her advice and no report was filed.

{¶ 6} The trial court considered the requisite statutory factors with respect to the testimony presented, engaged in a proper analysis, and found as follows:

[T]he applicant is an eligible offender and no criminal proceedings are pending against the applicant. However, the testimony at the hearing demonstrates that the applicant has not been rehabilitated to the satisfaction of the Court and the City of North Olmsted's need to maintain these records outweighs the interest of the applicant in having them sealed. Defendant has not taken any accountability for his actions, has not expressed any remorse, and more importantly has not altered or modified his behavior since he was discharged from probation by Cuyahoga County in 2023. "Because the sealing or expungement of records of conviction is a privilege, not a right, it can be granted only when all seven requirements for eligibility [set forth in R.C. 2953.32(D)(1)] are met." *State v. Smith*, 2025-Ohio-1749, ¶ 30 (1st Dist.), citing *State v. Sager*, 2019-Ohio-135, ¶ 9 (1st Dist) and *State v. Boykin*, 2013-Ohio-4582, ¶ 11 (1st Dist).

{¶ 7} Ultimately, the trial court again denied appellant's application to expunge his records in the seven cases. This appeal followed.

{¶ 8} Under his sole assignment of error, appellant claims the trial court abused its discretion in denying his application to expunge his records.

{¶ 9} At the outset, we observe that appellant moved to "expunge" his records of conviction pursuant to R.C. 2953.32 and his record of nonconviction in

the dismissed case pursuant to R.C. 2953.33. There is a distinction between sealing and expungement. "Expungement results in deletion, making all case records 'permanently irretrievable,' while sealing simply provides a shield from the public's gaze." *State v. J.B.*, 2026-Ohio-1405, ¶ 11, fn. 2, citing *State v. Aguirre*, 2014-Ohio-4603, ¶ 5, fn. 2.

{¶ 10} As provided under R.C. 2953.32(B)(1), "an eligible offender may apply to the sentencing court if convicted in this state . . . for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A)(1) of this section." Upon the filing of a proper application for the sealing or expungement of a record by an eligible offender, the trial court must hold a hearing in compliance with R.C. 2953.32(C) and make the requisite determinations and considerations under R.C. 2953.32(D)(1). As the Supreme Court of Ohio has observed:

> At the hearing, the trial court determines whether the applicant is seeking to have eligible convictions sealed and whether the applicant has waited the appropriate period before applying. R.C. 2953.32(D)(1)(a). The court also determines whether the applicant has criminal charges pending. R.C. 2953.32(D)(1)(b). And the statute instructs the court to consider any objection by the State or a victim and any statement submitted by a victim. R.C. 2953.32(D)(1)(d), (e), and (g). The applicant must show [his or] her rehabilitation "to the satisfaction of the court," R.C. 2953.32(D)(1)(c), and that [his or] her interests in having [the] convictions sealed outweigh any governmental interest to maintain the records, R.C. 2953.32(D)(1)(f).

*J.B.* at ¶ 11. R.C. 2953.33(B) requires similar determinations and considerations, with R.C. 2953.33(B)(2)(e) requiring a similar weighing of interests.

{¶ 11} Ultimately, the decision whether to grant an application for the sealing or expungement of a record is within the discretion of the trial court, and "'[n]o court is ever required to seal [or expunge] conviction records.'" *J.B.* at ¶ 12, quoting *Aguirre* at ¶ 27. Consequently, we generally review a trial court's disposition of an application for sealing or expungement for abuse of discretion. *Id.* at ¶ 1; *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). An "abuse of discretion" is conduct that is unreasonable, arbitrary, or unconscionable. *J.B.* at ¶ 13. Importantly, when conducting an abuse-of-discretion review, it is not proper for an appellate court to perform its own weighing of the respective interests or to substitute its judgment for that of the trial court. *Id.* at ¶ 13 and 20.

{¶ 12} In this case, the trial court denied appellant's application to expunge his records upon determining that the appellant had not been rehabilitated to the satisfaction of the court and that appellant's interest in having his convictions sealed did not outweigh the government's interest in maintaining the records. In challenging the trial court's decision, appellant asserts that the last incident between him and his neighbors was in 2020, that he successfully completed community control, that he learned to manage his anger, that he accepted responsibility, and that he testified to other circumstances demonstrating his rehabilitation and his interest in having the records expunged. However, the trial court was aware that appellant was seeking to expunge his records in seven cases that spanned several years and was aware of the situations involved. The trial court heard appellant's testimony, and it also heard testimony from appellant's neighbor, who testified that

appellant continues to scream profanities and make threatening gestures at her cameras, that she is constantly being called names and yelled at for no reason while in her backyard, and that she believes appellant is a "loose cannon" and his behavior has not changed. Other testimony and evidence were provided. The City argued that there was nothing showing appellant was remorseful for his actions and that because there was testimony showing appellant had not been adequately rehabilitated, the government had an interest in maintaining the records for community knowledge and as a deterrent to future unlawful behavior.

{¶ 13} Upon review, we do not find the trial court's decision was unreasonable, arbitrary, or unconscionable. The trial court considered the facts and circumstances involved, it made the proper statutory considerations and determinations, and it provided an explanation for its decision with reference to the record before it. Contrary to appellant's argument, it was not unreasonable for the trial court to conclude that appellant had not been rehabilitated to the satisfaction of the court or that his interest in having his records sealed or expunged did not outweigh the government's interest in maintaining his criminal records.

{¶ 14} Accordingly, we conclude there was no abuse of discretion by the trial court in denying appellant's application to expunge his records. Appellant's assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR